**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ANTONIO FREEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:11-cv-0867** |
| | ) | **Consolidated with:** |
| **v.** | ) | **3:11-cv-1094** |
| | ) | |
| **DEE DAVID GAY,** *et al.* | ) | **Judge Sharp** |
| | ) | **Magistrate Judge Griffin** |
| **Defendant.** | ) | |

**ORDER**

In this consolidated civil rights action, which arose after Plaintiff was arrested for driving under the influence in Gallatin, Tennessee on September 14, 2008, Plaintiff, *pro se*, has sued virtually everyone he had contact with since, including police officers, sheriff deputies, jailers, judges, a city mayor, bail bondsmen, defense lawyers, disciplinary counsel, prosecutors, court employees, and even a grand jury foreperson. Plaintiff seeks declaratory and injunctive relief and millions of dollars in damages for a host of alleged constitutional and state law violations, including trifles, like being called a "liar" on one occasion, and not being allowed to make a phone call on another.

The Complaints in the two actions, Freeman v. Gay et al., No. 3:11-0867 (Freeman I) and Freeman v. Gay et al., No. 3:11-1094 (Freeman II) are hardly models of clarity. Nevertheless, in what could only have been a pain-staking chore, Magistrate Judge Griffin entered a 48 page Report and Recommendation ("R & R"), recommending the following:

1. the plaintiff's motions to amend (Docket Entry No. 8 in Freeman I and Freeman II) be DENIED;

2. the plaintiff's motion for review (Docket Entry No. 13) be DENIED;

3. the plaintiff's motion for injunctive relief (Docket Entry No. 77) be DENIED;

1

4. the motions to dismiss of Rick Cooper and Sherry Taft (Docket Entry No. 17), Dee David Gay (Docket Entry No. 22), Sidney Preston (Docket Entry No. 31), Lytle J. James (Docket Entry No. 33), Steve Daniel (Docket Entry No. 56); Jo Ann Graves (Docket Entry No. 61), Don Franklin, Mahailiah Hughes, James Hunter, Jr., Tina Moore, Jennifer Rasnick, Sonya Troutt, and Sonny Weatherford (Docket Entry No. 92), Lawrence Ray Whitley (Docket Entry No. 94), Rhonda Martin (Docket Entry No. 97), and Christopher Ford, Bobby Harris, and Daniel Steakin (Docket Entry No. 112) be GRANTED and these defendants be DISMISSED WITH PREJUDICE from the action;

5. the motion to dismiss of Gregory Washburn and James Stinson (Docket Entry No. 61) be GRANTED as to the plaintiff's official capacity claims and any state law claims against Defendants Washburn and Stinson and these claims be DISMISSED WITH PREJUDICE. With respect to the plaintiff's constitutional claims against these defendants in their individual capacities, the motion should be DENIED, the Court should ABSTAIN from hearing these claims during the pendency of the current criminal proceedings against the plaintiff, and the proceedings on these claims should be STAYED until the conclusion of the state proceedings. See Michel v. City of Akron, 272 Fed.Appx. 477, 2008 WL 2077868 (6th Cir. May 15, 2008) (although Younger abstention applied to federal civil action for damages because pending state criminal proceeding, federal case should be stayed until resolution of the state proceedings and not dismissed without prejudice);

6. the claims against Defendants Adriel Riker and Lawrence Morin be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief can be granted;

7. Defendant "Nurse Litisha" be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to be served with process in this action; and

8. the Court DECLINE to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state law claims asserted in this action.

(Docket Entry No. 120 at 46-48).

The R & R is well-reasoned, gives thorough and fair consideration to each of the claims asserted against each of the Defendants, correctly applies the applicable law, and will be accepted and approved by the Court. In deciding to accept the R & R, the Court has given full consideration to Plaintiff's post-R & R filings, including his (1) Motion to Respond (Docket

Entry No. 128); (2) Amended Motion in Objection (Docket Entry No. 133); (3) Amended Motion in Objection (Docket Entry No. 134); (4) Motion for Review in Part and Motion to Respond in Part (Docket Entry No. 135); and (5) Motion to Appoint Counsel (Docket Entry No. 151).

Some of these filings are not directed at Magistrate Judge Griffin's R & R. This includes Plaintiff's Motion to Respond, which will be denied as moot because he has subsequently filed "responses."  It also includes his Motion for Review and to Respond, which likewise will be denied.  With respect to the portion of that motion that requests review, Plaintiff seeks to substitute an official capacity for an individual capacity claim against Deputy Gilley, but no specific factual allegations are alleged against him in either the original Complaint or the proposed Amended Complaint, Deputy Gilley has not been served with process, and, Deputy Gilley is deceased.  Insofar as the Motion requests permission to respond, the request is moot because, as has already indicated, Plaintiff has filed his objections, and the Court has considered the same.

Finally, Plaintiff's Motion to Appoint Counsel will be denied because there is no constitutional right to the appointment of counsel in a civil cause, but instead is a matter in the discretion of the Court where "exceptional circumstances" are shown.  Noel v. Guerrero, 2012 WL 1522870 at *3 (6th Cir. May 1, 2012).  Although exceptional circumstances may exist when a case is complex, the only reason this case is arguably complex is because Plaintiff chose to sue dozens of Defendants asserting many and varied claims.  Regardless, Plaintiff has "demonstrated his ability to handle the case in a *pro se* capacity throughout the proceedings," id. and his request for counsel will be denied.

Turning now to Plaintiff's filings that are directed at the R & R, to wit, his two Amended Motions in Objection, Rule 72(b) requires the Court to consider *de novo* any part of the Magistrate Judge's recommended disposition for which "specific written objections" have been made. Fed. R. Civ. P. 72(b) (1)-(2). For the most part, Plaintiff's "objections" are not directed at a specific recommendation, but rather, make general statements as to why an individual defendant or group of defendants should not be dismissed, and cites for those contentions state and federal authorities, most of which are not particularly apposite. Nevertheless, the Court has considered all that has been presented by Plaintiff and will overrule his objections to the R & R.

Accordingly, the Court rules as follows:

(1)     The Magistrate's R & R (Docket Entry No. 120) is hereby ACCEPTED and APPROVED, and Plaintiff's Amended Motions in Objection (Docket Entry Nos. 133 and 134) are hereby OVERRULED;

(2)     Plaintiff's Motions to Amend (Docket Entry Nos. 8 in <u>Freeman I</u> and <u>Freeman II</u>) are hereby DENIED;

(3)     Plaintiff's Motion for Review (Docket Entry No. 13) is hereby DENIED;

(4)     Plaintiff's Motion for Injunctive Relief (Docket Entry No. 77) is hereby DENIED;

(5)     The Motions to Dismiss of Rick Cooper and Sherry Taft (Docket Entry No. 17), Dee David Gay (Docket Entry No. 22), Sidney Preston (Docket Entry No. 31), Lytle J. James (Docket Entry No. 33), Steve Daniel (Docket Entry No. 56); Jo Ann Graves (Docket Entry No. 61), Don Franklin, Mahailiah Hughes, James Hunter, Jr., Tina Moore, Jennifer Rasnick, Sonya Troutt, and Sonny Weatherford (Docket Entry No. 92), Lawrence Ray Whitley (Docket Entry No. 94), Rhonda Martin (Docket Entry No. 97), and Christopher Ford, Bobby Harris, and Daniel

Steakin (Docket Entry No. 112) are hereby GRANTED and these Defendants are DISMISSED WITH PREJUDICE from the action;

(6)     The Motion to Dismiss of Gregory Washburn and James Stinson (Docket Entry No. 61) is hereby GRANTED as to Plaintiff's official capacity claims and any state law claims against Defendants Washburn and Stinson and these claims are DISMISSED WITH PREJUDICE. With respect to Plaintiff's constitutional claims against these Defendants in their individual capacities, the Motion is hereby DENIED, but the Court will ABSTAIN from hearing these claims during the pendency of the current criminal proceedings against Plaintiff.  The proceedings on these claims are hereby STAYED until the conclusion of the state proceedings, the parties are hereby DIRECTED to inform the Court when those proceedings have concluded in the state court;

(7)     The claims against Defendants Adriel Riker and Lawrence Morin are hereby DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief can be granted;

(8)     Defendant "Nurse Litisha" is hereby DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to be served with process in this action;

(9)     The Court DECLINES to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) over any state law claims asserted in this action;

(10)    Plaintiff's Motion to Respond (Docket No. 128) is hereby DENIED AS MOOT;

(11)    Plaintiff's Motion for Review in Part and Motion to Respond in Part (Docket No. 135) is hereby DENIED; and

(12)    Plaintiff's Motion to Appoint Counsel (Docket No. 151) is hereby DENIED.

**It is SO ORDERED.**

KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE