IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ANTONIO FREEMAN )
)
v. ) NO. 3:11-0867
) Consolidated with:
DEE DAVID GAY, et al. ) 3:11-1094

TO: Honorable Kevin H. Sharp, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered September 16, 2011 (Docket Entry No. 5), this action was referred to the Magistrate Judge to manage pretrial activity in the action under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court. By Order entered February 2, 2012, the Court consolidated the instant action ("*Freeman I*") with another action filed by Plaintiff, *Antonio L. Freeman v. Dee David Gay, et al.*, 3:11-1094 ("*Freeman II*"). *See* Docket Entry No. 11 in *Freeman II*.[1]

Pending before the Court are the motion for summary judgment of Defendant Jack Babbitt (Docket Entry No. 255) and the motion for summary judgment of Defendants James Stinson and Gregory Washburn (Docket Entry No. 258). For the reasons set out below, the Court recommends that the motions be granted and the consolidated actions be dismissed.

---

[1] All references to "Docket Entry" in this Report and Recommendation are to docket entries made in *Freeman I* unless otherwise specifically noted.

## I. BACKGROUND

Antonio Freeman ("Plaintiff") is currently an inmate confined within the Tennessee Department of Correction ("TDOC"). In 2011, he filed the two now consolidated actions *pro se* and *in forma pauperis* seeking relief under 42 U.S.C. § 1983 based upon events that occurred when he was both a non-incarcerated citizen in Sumner County, Tennessee, and a pretrial detainee at the Sumner County Jail ("Jail"), where he was confined prior to becoming a TDOC inmate. In lengthy pleadings, Plaintiff brought claims against numerous individuals based upon multiple events that occurred during the time span of 2008 to 2011. As noted by the Court in a prior Order,

> In this consolidated civil rights action, which arose after Plaintiff was arrested for driving under the influence in Gallatin, Tennessee on September 14, 2008, Plaintiff, *pro se*, has sued virtually everyone he had contact with since, including police officers, sheriff deputies, jailers, judges, a city mayor, bail bondsmen, defense lawyers, disciplinary counsel, prosecutors, court employees, and even a grand jury foreperson. Plaintiff seeks declaratory and injunctive relief and millions of dollars in damages for a host of alleged constitutional and state law violations.

*See* Order entered September 28, 2012 (Docket Entry No. 157) (""September 28 2012 Order") at 1.[2] The full procedural and factual history of the consolidated action need not be recounted herein because all but two of Plaintiff's claims have been dismissed as a result of previous pretrial proceedings. *See* Report and Recommendation entered June 7, 2012 (Docket Entry No. 120), adopted by September 28, 2012 Order, for a complete summary of Plaintiff's allegations and claims.

---

[2] The instant consolidated action is but one of the several federal civil rights lawsuits filed by Plaintiff based upon the events occurring during the time span of 2008 to 2011. *See Freeman v. Barker, et al*, 3:09-0904; *Freeman v. Harris, et al.*, No. 3:10-0071; *Freeman v. Barker, et al.*, 3:10-0696; *Storke, et al. v. Trout, et al.*, 3:10-0697; *Freeman v. Lassiter*, 3:10-1087; *and Freeman v. Pugh, et al.*, 3:11-0720. All of these lawsuits were resolved in favor of the respective defendants named in those lawsuits.

The surviving claims were raised in *Freeman I*. Plaintiff's first claim is against James Stinson ("Stinson") and Gregory Washburn ("Washburn"). Defendants Stinson and Washburn were police officers with the Gallatin Police Department who made a traffic stop of Plaintiff on June 26, 2011, and arrested him on charges of possession of a Schedule II Drug, evading arrest, driving on a suspended license, and reckless endangerment. Plaintiff alleges that he was wrongfully arrested and that Defendants used excessive force against him during the course of the arrest. *See* Complaint (Docket Entry No. 1), at 9, 12 and 29.[3] Claims against Defendant Stinson and Washburn in their official capacities and claims against them under state law were dismissed. *See* September 28, 2012 Order at 5.

Plaintiff's second claim is against Jack Babbitt ("Babbitt"), who worked as an officer at the Jail during Plaintiff's confinement there in 2011. Plaintiff alleges that Defendant Babbit wrongfully placed Plaintiff in segregation at the Jail and discriminated against him because Plaintiff is an African-American and also used excessive force against him on August 20, 2011. *See* Complaint at 33.

Because it was not apparent that the criminal charges brought against Plaintiff as a result of the June 26, 2011, arrest had been resolved, the Court stayed the action on September 28, 2012, until the conclusion of the relevant state criminal proceedings, in accordance with *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) and *Michel v. City of Akron*, 272 Fed.Appx. 477, 2008 WL 2077868 (6th Cir. May 15, 2008). *See* September 28, 2012 Order at 5. Upon receiving information from Defendants that the charges had been resolved, the stay was lifted on June 17,

---

[3] Although Plaintiff also complains in his complaint about the treatment of his minor son during the arrest, only claims that are personal to Plaintiff are at issue in this action.

2015, *see* Order (Docket Entry No. 225), and a scheduling order was entered providing for a period of discovery and other pretrial activity. *See* Docket Entry No. 229.[4]

## II. SUMMARY JUDGMENT MOTIONS

Defendant Babbitt asserts that there are no facts supporting a claim that he violated Plaintiff's First Amendment rights or his Fourteenth Amendment equal protection rights. *See* Memorandum in Support (Docket Entry No. 256). Defendant Babbitt further argues that Plaintiff's excessive force claim warrants dismissal because it was brought under the wrong constitutional provision. *Id*. In support of his motion, Defendant Babbitt relies upon the declaration of Sonya Troutt, the Jail Administrator in 2011 (Docket Entry No. 255-1), excerpts from Plaintiff's deposition transcript (Docket Entry No. 255-2), and a statement of undisputed material facts (Docket Entry No. 257).

In their motion for summary judgment, Defendants Stinson and Washburn raise the defense of qualified immunity and argue that the undisputed facts show that Plaintiff was arrested on June 28, 2011, after he attempted to flee from a traffic stop and that he was subsequently handcuffed

---

[4] In hindsight, the stay was unnecessary. On March 8, 2012, Plaintiff entered *nolo contendere* pleas to three of the charges for which he was arrested: evading arrest, reckless endangerment, and driving on a suspended license. *See* Docket Entry No. 223, 223-3, 223-4, and 223-5. The charge of possession of a Schedule II drug appears to have been dismissed at or about the same time. *See* Docket Entry No. 223-6. However, these facts were not readily apparent from the record at the time the stay was entered. Although Plaintiff made reference to the resolution of the charges in some of his filings, *see* Docket Entry No. 134 at 1; Docket Entry No. 165 at 9; and Docket Entry No. 166 at 1, the oversight of these references is understandable given the often confusing nature and the volume of Plaintiff's filings. Furthermore, neither party clearly and succinctly brought the fact of the resolution of the charges to the Court's attention while the stay was in effect and prior to the Court's *sua sponte* notice to the parties in the Order entered April 15, 2015 (Docket Entry No. 220), as to a question about the continued need for the stay. Regardless, as set out herein, there is no evidentiary support for Plaintiff's underlying claims, a conclusion that would have been reached even if the stay had not been entered.

and taken into custody without incident. *See* Memorandum in Support (Docket Entry No. 263). They argue that there are no facts supporting either Plaintiff's claim that he was unlawfully arrested or his claim that unreasonable force was used against him during his arrest. *Id*. In support of their motion, Defendants rely upon excerpts from Plaintiff's deposition transcript (Docket Entry No. 259-1), the affidavit of Defendant Stinson (Docket Entry No. 260), video footage from a police patrol car (Docket Entry Nos. 261, 264, and 266), and a statement of undisputed material facts (Docket Entry No. 262).

The Court notified Plaintiff of the motions and gave him an initial response deadline of February 5, 2016, *see* Docket Entry No. 265, and then granted his motion to extend the response deadline to March 14, 2016. *See* Docket Entry No. 272. However, Plaintiff has not filed responses in opposition to the motions. After the response deadline, Plaintiff filed a motion (Docket Entry No. 272) to compel discovery from Defendant Babbitt and for relief under Rule 56(d) of the Federal Rules of Civil Procedure, the Court denied his motion. *See* Orders entered March 29, 2016 (Docket Entry No. 275), and April 15, 2016 (Docket Entry No. 278).

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary

5

judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). To defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

## IV. CONCLUSIONS

A. Plaintiff's Failure to Respond to Defendants' Motions

As the Sixth Circuit has succinctly noted, when the defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on the critical issues. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989). When a motion for summary judgment is properly supported under Rule 56, such as the motions filed by Defendants, the non-moving party

may not merely rest on the allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact that requires that the action proceed to trial. *See Celotex Corp.*, 477 U.S. at 323-24; *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003); *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989); *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986). Plaintiff's *pro se* status does not relieve him of this obligation, which is a threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Plaintiff has failed to satisfy this threshold requirement. He has not responded to Defendants' motions for summary judgment, rebutted their evidence or arguments, or supported his claims with any actual evidence. Additionally, he has not specifically responded to Defendants' Statements of Undisputed Facts, as required by Rule 56.01(c) of the Local Rules of Court, and his failure to "shall indicate that the asserted facts are not disputed for purposes of summary judgment." Local Rule 56.01(g). Accordingly, in analyzing Defendants' motions for summary judgment, the Court is permitted to rely upon the facts set forth by Defendants as the undisputed facts.

B. Defendants Stinson and Washburn

Defendants couch their summary judgment arguments in terms of a qualified immunity defense. Qualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457

U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Estate of Carter v. City of Detroit*, 408 F.3d 305, 310 (6th Cir. 2005). The qualified immunity analysis requires determining whether "the facts alleged show the [defendant's] conduct violated a constitutional right," *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) (citing *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)), and whether the constitutional right at issue has been "clearly established" under the law. *Cope v. Heltsley*, 128 F.3d 452, 458 (6th Cir. 1997). As set out below, the Court finds that there is no evidence upon which a reasonable jury could conclude that a constitutional violation was committed by Defendants Stinson and Washburn. This finding is sufficient to warrant dismissal of Plaintiff's claims against them without a full analysis of the qualified immunity defense. *See Saucier*, 533 U.S. at 201; *Jones v. Byrnes*, 585 F.3d 971, 975 (6th Cir. 2009).

The Fourth Amendment requires that an arrest be supported by probable cause. *Devenpeck v. Alford*, 543 U.S. 146, 152, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004); *Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009). To succeed on his false arrest claim, Plaintiff must prove that Defendants lacked probable cause to arrest him on the night in question. *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). *See also Brooks*, 577 F.3d at 706. Defendants are entitled to summary judgment on Plaintiff's unlawful arrest claim for two reasons.

First, it is undisputed that Plaintiff entered *nolo contendere* pleas to three of the charges for which he was arrested: evading arrest, reckless endangerment, and driving on a suspended license. *See* Docket Entry No. 223, 223-3, 223-4, and 223-5. A plaintiff may not pursue a false arrest claim under Section 1983 based upon an arrest for a criminal charge to which he later entered a plea of no contest or *nolo contendere*. *See Daubenmire v. City of Columbus*, 507 F.3d 383, 389–90 (6th Cir.

2007); *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988); *Gillette v. Town of Jonesborough*, 2013 WL 3491373, *4 (E.D. Tenn. July 11, 2013) (plea of *nolo contendere* precludes a damage claim for false arrest); *Johns v. Maxey*, 2008 WL 4442467, *3 (E.D. Tenn. Sept. 25, 2008) (a plea of no contest precluded the plaintiff from arguing that he was arrested without probable cause); *Warner v. McMinn Cty., TN*, 2007 WL 3020510, *7 (E.D. Tenn. Oct. 11, 2007) (plea of *nolo contendere* precludes a Section 1983 false arrest claim).

Second, even if Plaintiff was not precluded from pursuing a false arrest claim because of his *nolo contendere* pleas, his claim would warrant dismissal because there is no evidence supporting his assertion that he was arrested without probable cause. "A finding of probable cause does not require evidence that is completely convincing or even evidence that would be admissible at trial; all that is required is that the evidence be sufficient to lead a reasonable officer to conclude that the arrestee has committed or is committing a crime." *Harris v. Bornhorst*, 513 F.3d 503, 511 (6th Cir.), *cert. denied*, 554 U.S. 903, 128 S.Ct. 2938, 171 L.Ed.2d 865 (2008). The undisputed evidence shows that Plaintiff fled the scene in his vehicle after being initially stopped and that he was driving on a suspended driver's license at the time. See Docket Entry No. 262 at ¶¶ 2 and 8. These facts are sufficient to provide probable cause for Plaintiff's arrest on the charges of evading arrest and driving on a suspended license. Because Plaintiff was arrested on multiple offenses, the finding of probable cause supporting his arrest on some of the charges renders the entirety of his arrest lawful under the Fourth Amendment. *See Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005).

Defendants are also entitled to summary judgment on Plaintiff's claim that excessive force was used against him during the arrest. The Fourth Amendment protects individuals from having excessive force used against them while being arrested. *Graham v. Connor*, 490 U.S. 386, 394-95,

9

109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Lyons*, 417 F.3d at 575. However, the mere fact that some measure of force was used is not itself evidence of a constitutional violation since "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. The touchstone question is the reasonableness of Defendants' actions. This inquiry is an objective one: were the officer's actions objectively reasonable in light of the facts and circumstances confronting the officer, without regard to the officers' underlying intent or motivation. *Graham*, 490 U.S. at 397; *Bell v. Wolfish*, 441 U.S. 520, 559 (1979).

In light of these legal principles, there is no evidence before the Court supporting a claim that Defendants used excessive force against Plaintiff. A close reading of Plaintiff's complaint shows that he makes virtually no factual allegations supporting his claim other than conclusory allegations of "police brutality," the use of "wanton" and "unnecessary" force, and that Defendants were "hostile," "aggressive," and "acting above the law, out of control." *See* Complaint at 12 and 29. However, conclusory allegations, speculation, and unsubstantiated assertions are not evidence and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L.Ed. 2d 695 (1990).

The only specific conduct that can be gleaned from the Complaint are allegations that Defendants pointed a gun at Plaintiff, yelled an expletive at him, and that Plaintiff and/or his son, who was in the car with Plaintiff at the time, were placed "in an arm bar, taken to the ground, knees in his back." *Id*. at 9 and 12. Defendants' undisputed evidence is Plaintiff was handcuffed after

kneeling on the ground and was placed outside a police car, and that Defendant Washburn did not have any physical contact with Plaintiff. *See* Docket Entry No. 262 at ¶¶ 5-7.[5]

While some small measure of physical force was used against Plaintiff during his arrest, there is no evidence before the Court that any force used against him was objectively excessive or exceeded the scope of what was necessary under the circumstances of the situation. Indeed, Plaintiff has not clearly identified what force was used against him, let alone made a persuasive argument that the use of such force was objectively unreasonable under the facts and circumstances of his arrest. The video footage of Plaintiff's arrest shows nothing remarkable about the manner of Plaintiff's arrest and does not support Plaintiff's allegation that excessive force was used against him. There is also no evidence before the Court supporting a conclusion that any injury to Plaintiff occurred as a result of the alleged use of force against him. Again, the video footage does not support a conclusion that Plaintiff suffered any injury. In the end, no reasonable jury could view the evidence that is before the Court as supporting a Fourth Amendment excessive force claim against Defendants Stinson and Washburn. Summary judgment should be granted to Defendants on this claim.

C. Defendant Babbitt

Defendant Babbitt is entitled to summary judgment on all claims brought against him. Plaintiff alleges: 1) that Babbitt discriminated against him on August 20, 2011, by ordering that he be placed on "lock down" as a result of a dispute over an ink pen; 2) that Babbitt infringed upon

---

[5] Although Defendants devote much of their argument to analysis of cases involving allegations that excessively tight handcuffs were placed on an arrestee or cases involving uses of force against non-compliant arrestees, *see* Docket Entry No. 263 at 9-14, there are no allegations or facts in this case raising either of these scenarios.

11

Plaintiff's First Amendment rights by falsely accusing him of being a gang member, by falsely accusing him of having incompatible inmates at the Jail, and by housing him in an undesirable housing area; and 3) that Babbitt used excessive force against him and caused him to suffer a shoulder injury while attempting to move him to a cell on August 20, 2011, while he was handcuffed. *See* Complaint at 33.

Plaintiff's first two claims are readily resolved in favor of Defendant Babbitt. The decisions of prison officials regarding internal issues of inmate control and housing are generally matters left to the sound discretion of those officials. *See Sandin v. Conner*, 515 U.S. 472, 477-78, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Thornburgh v. Abbott*, 490 U.S. 401, 404-08, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); *Bell v. Wolfish*, 441 U.S. 520, 546-47, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995). Plaintiff's complaints about being placed in lock down because of a dispute with Defendant Babbitt over an ink pen and his other complaints about housing at the Jail reflect trivial matters that simply fail to rise to the level of constitutional concern. To the extent that Plaintiff attempts to magnify the importance of these events by contending that they occurred because of racial discrimination against him, his allegations are conclusory and, thus, fail to provide evidence in support of his claim. To be sure, there is nothing in the record before the Court that amounts to actual evidence showing that any of the challenged actions alleged to have been taken by Defendant Babbitt were motivated by purposeful racial discrimination, which is the type of evidence necessary to prove an equal protection claim. *See McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987);

*Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir. 1986). *See also Tate v. Davis*, 2013 WL 53761, **2-3 (W.D. Mich. Jan. 3, 2013) (prisoner's conclusory allegations that discriminatory animus was behind his loss of a prison job did not support an equal protection claim); *Barnes v. Outlaw*, 2006 WL 840418, *6 (W.D.Tenn. Mar. 30, 2006) ("The mere fact that on some occasions a heterosexual or non-black inmate received favorable treatment does not elevate plaintiff's claim into a matter of constitutional concern."); *Fletcher v. Chartrand*, 1989 WL 14015, *1 (6th Cir. Feb. 22, 1989) (allegations that prison guard selectively enforced disciplinary regulation on racial grounds was insufficient to state a claim for relief).

Plaintiff's final claim against Babbitt is that Babbitt used unnecessary force against him while attempting to move him to a cell, injuring Plaintiff's shoulder in the process. The undisputed evidence shows that Plaintiff was sitting on a bench and refused an order by Defendant Babbitt to return to his cell, after which Babbitt and other officers grabbed Plaintiff by his arms to take him to his cell. Plaintiff believed that he did not need to return to his cell and refused to walk by letting his legs go limp, a result of which was that he was dragged by the officers down a hallway until he complained that his shoulder was hurt. He was then handcuffed and the officer carried him by his legs and feet until he was placed on the floor and had the handcuffs removed, after which he walked to his cell. *See* Docket Entry No. 257 at ¶¶ 3 and 4; Docket Entry No. 255-2 at 9-15.

Defendant argues that summary judgment should be granted because Plaintiff referred to the Eighth Amendment, not the Fourteenth Amendment, when setting out his claim in the Complaint. As factual matter, Defendant is correct that Plaintiff referred to only the Eighth Amendment in his

Complaint. *See* Complaint at 33. As a legal matter, Defendant is also correct that the Fourteenth Amendment, not the Eighth Amendment, provides the specific textual source for a pretrial detainee's protection from the use of excessive force against him. *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015); *Leary v. Livingston Cty.*, 528 F.3d 438, 443 (6th Cir. 2008). However, as a practical matter in the realm of *pro se* prisoner civil rights litigation, this simplistic argument is unpersuasive and fails to warrant dismissal of this claim given the well-settled legal doctrine requiring the Court to view *pro se* pleadings with a measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). This doctrine renders Plaintiff's mistaken reference to the Eighth Amendment a correctable and non-determinative error.

Nonetheless, summary judgment in favor of Defendant Babbitt is warranted on this claim because no reasonable jury could find in favor of Plaintiff based upon the undisputed evidence that is before the Court. The Supreme Court in *Kingsley* clarified that review of whether unconstitutional excessive force has been used against a pretrial detainee focuses on whether the force was objectively unreasonable. *Kingsley,* 135 S.Ct. at 2473. Relevant factors are whether there is evidence that force was used with an "expressed intent to punish" the detainee or, in the absence of an expressed intent to punish, whether the force used was "rationally related to a legitimate nonpunitive governmental purpose" or "appear[s] excessive in relation to that purpose." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 538 and 561, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

The undisputed evidence shows that the force used against Plaintiff was not motivated by an expressed intent to punish him, was rationally related to the legitimate penological purpose of escorting him to his cell after he refused an order to voluntarily return to his cell, and was minimal

14

and not excessive in relationship to that purpose. Further, it is undisputed that Plaintiff himself caused his legs to go limp and refused to walk while he was being escorted, thus, requiring the officers to forcibly drag him. There is no evidence before the Court that excessive or gratuitous force was used by Defendant Babbitt, and no evidence that would support a conclusion that the force used against Plaintiff by Defendant Babbit was objectively unreasonable and in violation of Plaintiff's Fourteenth Amendment rights.

Finally, to the extent that Plaintiff's complaint sets out state law claims against Defendant Babbitt for "personal tort, libel, slander, and defamation of character," *see* Complaint at 33, the Court should decline to exercise supplemental jurisdiction over the claims given the dismissal of the Section 1983 claims over which the Court has original jurisdiction. *See* 42 U.S.C. § 1367(c)(3); *Packard v. Farmers Inc. Co. of Columbus*, 423 Fed.Appx. 580, 584 (6th Cir. 2011); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006).

## RECOMMENDATION

Based on the forgoing, the Court respectfully RECOMMENDS that the motion for summary judgment of Defendant Jack Babbitt (Docket Entry No. 255) and the motion for summary judgment of Defendants James Stinson and Gregory Washburn (Docket Entry No. 258) be GRANTED and that the claims against them be DISMISSED WITH PREJUDICE. Because there are no other claims remaining, the consolidated actions should be DISMISSED in their entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        BARBARA D. HOLMES
        United States Magistrate Judge